**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

SAMANTHA E. JACKSON                    CASE NO.  6:25-CV-01154

VERSUS                                                JUDGE ROBERT R. SUMMERHAYS

BENNETT INTERNATIONAL                  MAGISTRATE JUDGE WHITEHURST
GROUP, LLC, ET AL.

### ORDER and REASONS

Before the Court are objections to the Report and Recommendation ("R&R") of the Magistrate Judge, filed by Defendants, Bennett International Group, LLC ("BIG"), Bennett Motor Express, LLC ("BME"), and American Eagle Logistics, LLC ("AEL"), and by Plaintiff, Samantha E. Jackson.[1] For the reasons set forth below, the R&R is ADOPTED IN PART and REJECTED IN PART.

Defendants first object that the Magistrate Judge erred in failing to recommend dismissal of Plaintiff's "Truth-in-Leasing" claims, to the extent the claims seek injunctive and declaratory relief.[2] In support, Defendants contend they "have established that Plaintiff's claims for injunctive and declaratory relief are no longer viable in light of her termination of the Lease Agreement" on October 30, 2025.[3] The Magistrate Judge found that because Defendant's argument was supported by evidence attached to the Motion to Dismiss, Defendants' motion relied upon evidence "extraneous" to the Complaint, which "the Court is not permitted to consider . . . at the 12(b)(6) stage."[4]

---

[1] ECF Nos. 21, 23. Plaintiff and Defendants have also responded to the opposing parties' objections. *See* ECF Nos. 32, 33.
[2] ECF No. 21 at 2–4. Defendants do not seek dismissal of Plaintiff's Truth-in-Leasing claims to the extent Plaintiff seeks monetary damages. *Id.* at 2.
[3] *Id.* at 2; *see also id.* at 4.
[4] ECF No. 18 at 5.

As a general rule, when considering a Rule 12(b)(6) motion a court "must limit itself to the contents of the pleadings, including attachments thereto."[5] However, "[t]he court may also consider documents attached to either a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims."[6] Here, Defendants have attached two documents to their motion to dismiss—a "Driver Cancellation Form," which lists Samantha Jackson as the driver, and a "Lease Cancellation Form," which lists CYW Transporting LLC as the "owner." Both documents were purportedly executed after the filing of the Complaint.[7] As such, these documents are not referred to in the pleadings. Accordingly, the Court OVERRULES this objection.[8]

Defendants second objection is that the Magistrate Judge erred by failing to recommend dismissal of Plaintiff's Truth-in-Leasing claims against BIG and AEL on the basis that BIG and AEL are not parties to the lease agreement between Plaintiff and BME.[9] Relatedly, Plaintiff's first objection is that the Magistrate Judge erred in recommending dismissal of the breach of contract claims (*i.e.*, breach of the lease contract) against BIG and AEL "by categorizing the entities as non-signatories of the BME Lease Agreement."[10] Plaintiff's Truth-in-Leasing and breach of contract claims largely mirror each other. Plaintiff argues that because BME delegated certain of its

---

[5] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[6] *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) ("But because the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss.")

[7] ECF No. 16-2 at 3–4.

[8] Further, it is not clear that all claims for injunctive relief would no longer be viable due to termination of the lease, as Defendants argue. *See e.g.* ECF No. 8 at 92, ¶ 4.

[9] ECF No. 21 at 4.

[10] ECF No. 23 at 5. Defendants argue Plaintiff's objections were filed one day late and therefore should not be considered. ECF No. 33 at 2. Defendants are incorrect. *See* FED. R. CIV. P. 6(d).

obligations under the lease agreement to its affiliates BIG and AEL, BIG and AEL are jointly liable for various alleged breaches of the lease agreement.[11]

As a general rule, a person or entity must be a party to a contract before it can be held liable for a breach thereof.[12] In order for a contract to be enforced against a non-signatory, a plaintiff must adequately plead an exception to the general rule, such as "assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel."[13] Further, an obligor may delegate the performance of his duty or duties to another "unless the delegation is contrary to public policy or the terms of his promise."[14] Such delegation does not make the person or entity to whom the duties were delegated liable for breach of contract.[15] In this matter, Plaintiff has not adequately pleaded any exception to the general rule that a person who is not a party to a contract is not bound by its terms. Accordingly, the Court SUSTAINS Defendants' second objection and OVERRULES Plaintiff's first objection. As a result, Plaintiff's Truth-in-Leasing claims (in addition to Plaintiff's breach of contract claims) against BIG and AEL will be dismissed, as BIG and AEL are not parties to the lease agreement between Plaintiff and BME. However, the Court will grant leave to Plaintiff to file an amended complaint clarifying the basis of her Truth-in-Lending and breach of contract claims against BIG and AEL.[16]

---

[11] ECF No. 23 at 5–9.

[12] *See e.g. Ibe v. Jones*, 836 F.3d 516, 524 (5th Cir. 2016); *Travers v. Chubb European Group SE*, 714 F.Supp.3d 812, 817 (E.D. La. 2024). The Court notes the contract between the parties purportedly is governed by "the laws of the State of Georgia." ECF No. 8-1 at 20. Georgia law is in accord with the forgoing authorities. *See e.g. Leone Hall Price Found. v. Baker*, 577 S.E.2d 779, 782 (2003); *Aria Dental Group, LLC v. Farmers Ins. Exch.*, 528 F.Supp.3d 1359, 1364 (M.D. Ga. 2021).

[13] *Jackson v. Stevenson*, -- S.E.2d --, 2026 WL 1390716, at *5 (Ga. May 19, 2026) (quoting *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 631 (2009)); *see also Halliburton Energy Services, Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 531 (5th Cir. 2019).

[14] RESTATEMENT (SECOND) OF CONTRACTS § 318 (1981).

[15] *Id.*

[16] "The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018) (Rule 15(a) "evinces a bias in favor of granting leave to amend"); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009) ("Generally, . . . a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.").

Defendants' third objection is that the Magistrate Judge erred in failing to recommend dismissal of Plaintiff's fraud claims, arguing:

> While the Magistrate Judge finds "voluminous allegations in support of [Plaintiff's] nine-point contentions about how Defendants allegedly intentionally charged/back charged owners improper rates and fees," the fact remains that none of these allegations states the substance of the alleged representations to Plaintiff, the identity of the persons making the alleged misrepresentations or the other required details regarding the circumstances of the alleged fraud: when, where, and how.[17]

The Court agrees with the Magistrate Judge that Plaintiff has satisfied the heightened pleading standard of Rule 9(b). For example, with regard to Plaintiff's claims that Defendants created a scheme to defraud owners of the contractually agreed-to amount of compensation by "understating" the rates negotiated with customers, failing to pay the full amount of the fuel surcharge negotiated with customers, etc., Plaintiff has adequately set forth allegations explaining how she alleges Defendants carried out this scheme (primarily by refusing to provide her with information required under the federal leasing regulations) by alleging the particulars of time, place and contents of the false representations, as well as the identity of the person making the misrepresentation.[18] Accordingly, Defendants' objection is OVERRULED.

Finally, Plaintiff's second objection is that the Magistrate Judge erred when stating in the Conclusion section of the R&R that the "breach of contract claims against BME" should be dismissed, rather than the breach of contract claims against BIG, as set forth in the "Breach of Contract" section of the R&R.[19] Defendants agree that BIG should have been named in the Conclusion section rather than BME.[20] The objection is SUSTAINED.

---

[17] ECF No. 21 at 5.

[18] *See e.g.* ECF No. 8 at ¶¶ 39, 43, 45, 47, 56, 63, 67–75, 77, 96–99.

[19] *Compare* ECF No 18 at 5 ("breach of contract claims against non-signatory Defendants, BIG and AEL, should be dismissed"), *with id.* at 9 ("The motion should be granted to dismiss Plaintiff's . . . breach of contract claims against BME and AEL . . . .").

[20] ECF No. 33 at 4.

For the reasons set forth, the Motion to Dismiss [ECF No. 16] is GRANTED IN PART and DENIED IN PART. The motion is granted to the extent it seeks dismissal of all claims asserted on behalf of CYW Transport, LLC, it is granted to the extent it seeks dismissal of Jackson's Truth-in-Leasing claims and breach of contract claims against Bennett International Group, LLC and American Eagle Logistics, LLC, and it is granted to the extent it seeks dismissal of Jackson's unjust enrichment claim against all Defendants. The motion is denied in all other respects.

Further, Plaintiff is GRANTED leave to amend her complaint in accordance with this Ruling.[21] Any amended Complaint must be filed within fourteen (14) days of issuance of this Ruling.

THUS DONE in Chambers on this 22nd day of June, 2026.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[21] To the extent Plaintiff moves to amend the Complaint to address "Reason why the Opposition to the Motion was not filed" and "Issues identified with Harold Vice's Declaration Statement and Exhibits," *see* ECF No. 23 at 1, the motion is denied, as those matters fall outside of the parameters of the rules of pleading.